***********
Upon full review of the evidence of record with respect to the issues of plaintiff's entitlement to medical treatment and assessment of attorney's fees as directed by the Court of Appeals, the Full Commission affirms the Opinion and Award of the deputy commissioner with some modification.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties prior to the hearing before the Deputy Commissioner in a Pre-Trial Agreement, dated January 28, 1998 and incorporated herein, at the hearing and following the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. USFG Insurance Company was the workers' compensation carrier on the risk for defendant-employer, Tanner Masonry, on June 14, 1994.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on June 14, 1994.
4. Plaintiff's average weekly wage was $520.00 at the time of this injury, yielding a weekly compensation rate of $346.68.
5. The parties entered into a Form 21, Agreement for Compensation, approved by the Commission on August 5, 1994.
6. Plaintiff was paid 10 and 6/7 weeks of temporary total disability benefits from June 14, 1994 through August 28, 1994, a total of $3,763.95.
7. The parties stipulated into evidence, without need for further authentication or verification, all Industrial Commission forms filed in this matter, the medical records of Drs. Marcus L. Wever, Jalal Sadrieh and Vincent Sportelli, and all rehabilitation reports.
8. The depositions of Marcus Wever, M.D., Jalal Sadrieh, M. D. and Vincent Sportelli, D.C. are a part of the evidentiary record in this matter.
 ***********
The Full Commission adopts with modification the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. On June 14, 1994, plaintiff was injured while working as a foreman/mason for defendant-employer, Tanner Masonry. Plaintiff was working on a six to eight foot scaffolding when he fell backwards and landed on a protruding bolt, which penetrated his lower back.
2. Plaintiff was taken to the emergency room at Lake Norman Regional Medical Center in Mooresville, and evaluated immediately following his injury. Cervical spine, lumbar spine and thoracic spine x-rays were negative for any bony fracture or soft tissue abnormality.
3. On June 14, 1994, Dr. Marcus Wever, a board-certified general surgeon, performed surgery on plaintiff, in which the puncture wound was fully explored, irrigated, cleaned of debris and closed.
4. Following surgery, plaintiff remained in the hospital a few more days for routine postoperative follow-up.
5. Dr. Wever obtained an orthopedic consultation, from Dr. William A. Kutner on June 15, 1994, to rule out any associated missed bony fractures. Dr. Kutner found no fractures, but did suggest that plaintiff might benefit from cold therapy or ice packs and a back support.
6. Plaintiff was discharged from the hospital on June 18, 1994.
7. On June 20, 1994, plaintiff presented to Dr. Wever in the outpatient clinic for his first follow-up appointment. Plaintiff also presented to Dr. Wever in the outpatient clinic for several additional follow-up appointments as plaintiff continued to improve including June 23, 1994, June 29, 1994, July 6, 1994, July 20, 1994 and August 17, 1994. At plaintiff's final follow-up appointment on August 17, 1994, Dr. Wever released him to return to work the following week with no restrictions or permanent partial impairment indicated.
8. Dr. Wever was of the opinion that plaintiff had achieved maximum medical improvement, consistent with his injury, that would allow him to return to work with no restrictions. Dr. Wever also indicated that plaintiff would "be seen in follow-up on an as-needed basis."
9. While his follow-up treatment was progressing, plaintiff attended physical therapy, prescribed by Dr. Wever, beginning on July 25, 1994 at Compleat Rehab Sports Therapy Center in Gastonia. Dr. Wever prescribed physical therapy for strength, flexibility, range of motion and endurance training for plaintiff's back. As with his follow-up treatment, plaintiff improved throughout his physical therapy, which he completed on August 26, 1994. On August 26, 1994, plaintiff was instructed to return to work the following Monday with no work restrictions or permanent partial impairment.
10. Plaintiff has received 10 and 6/7 weeks of temporary total disability compensation, at a rate of $346.68 per week, pursuant to an approved Form 21, from the date of his injury on June 14, 1994 through August 28, 1994. Plaintiff returned to work for defendant-employer, Tanner Masonry, at full duty at the same pre-injury wage without restrictions on August 29, 1994. Plaintiff did not file a claim for benefits until November 22, 1996 when he requested a hearing.
11. Plaintiff continued to work for defendant-employer for four months until December 1994 when he moved back to New York. Plaintiff returned to work two to three weeks later as a mason at H R Masonry where he worked for almost one year. Plaintiff stopped working at H R Masonry because he and his employer decided that things were not working out. Due to the recession taking place at the time, he earned lower wages at H R Masonry than he earned at his prior employment with defendant-employer.
12. While in New York, plaintiff also was employed at Yancey Conant Masonry as a mason for approximately four to five months. Plaintiff has been unemployed since late December 1995.
13. On January 10, 1996, plaintiff presented for treatment to Dr. Jalal Sadrieh, an orthopedic surgeon, in Syracuse, New York. Plaintiff did not receive authorization from defendants for treatment by Dr. Sadrieh. Dr. Sadrieh ordered an x-ray of plaintiff's lumbar spine, which showed no evidence of foreign material and showed plaintiff's bony structures and disc spaces were normal.
14. Dr. Sadrieh did not examine plaintiff until approximately 19 months after his June 1994 injury. He also did not review any of the records from plaintiff's previous treatment for his injury in North Carolina but did take a history from plaintiff, which was inaccurate. Dr. Sadrieh did not definitively diagnose any disc herniating but he diagnosed plaintiff with acute and subacute low back sprain with sciatica and possible disc herniation. Dr. Sadrieh did not refer plaintiff to Dr. Vincent Sportelli, a chiropractor. Plaintiff was referred to physical therapy, which plaintiff did not attend due to financial concerns. For similar reasons an MRI was not performed. Dr. Sadrieh has not seen or had any contact with plaintiff since February 19, 1996. Dr. Sadrieh did not rate plaintiff with a permanent partial impairment. Plaintiff was not employed during the time he was treated by Dr. Sadrieh.
15. On February 21, 1996, plaintiff presented to Vincent Sportelli, a chiropractor, in Syracuse, New York. Plaintiff did not receive authorization from defendants for treatment by Chiropractor Sportelli.
16. Sportelli did not examine plaintiff until approximately 20 months after his June 1994 injury. Sportelli was under the impression based on an inaccurate history given by plaintiff that plaintiff's injury of June 14, 1994 was caused by a 20 foot fall. However, the records for treatment rendered to plaintiff in North Carolina immediately after his injury indicate the injury was caused by a six to eight foot fall. Sportelli also stated that plaintiff was referred to him by Dr. Sadrieh, who diagnosed a herniated disc; however, plaintiff was not referred to Sportelli by Dr. Sadrieh nor was plaintiff diagnosed with a herniated disc by Dr. Sadrieh. Sportelli has not treated or had any other contact with plaintiff since October 1996.
17. Plaintiff received weekly unemployment benefits, in the amount of $200.00 per week, for approximately three to four months. To apply for unemployment benefits, plaintiff certified that he did not have any medical condition that would hinder his return to work, and that he was actively seeking employment.
18. Plaintiff's current lack of employment or inability to work for the period following December 1995, if any, is not causally related to his June 14, 1994 accident, nor has plaintiff undergone a change of condition.
19. The treatment which plaintiff received in New York from Dr. Sadrieh and Chiropractor Sportelli was not related to plaintiff's June 14, 1994 accident and thus, did not effect a cure or give relief from the June 14, 1994 accident or tend to lessen the period of disability. As the treatment itself is herein found not to be related to the June 14, 1994 accident, it is not necessary to reach the question of whether plaintiff sought approval from the Commission within a reasonable time after receiving treatment
20. This workers' compensation action involved substantial questions of both law and fact and the defense of this action was reasonable.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Upon approval by the Commission of a Form 21, Agreement for Compensation, the employee receives the benefit of a presumption that he is totally disabled, and his initial burden of proving a disability is therefore relieved. Franklin v. Broyhill Furniture Industries,123 N.C. App. 200, 205, 472 S.E.2d 382, 386 (1996). Once disability is proven, there is a presumption that it continues until the employee returns to work at wages equal to those he was receiving when the injury occurred. Watkins v. Central Motor Lines, 279 N.C. 132, 137,181 S.E.2d 588, 592 (1971); Watson v. Winston-Salem Transit Authority,92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988).
2. Plaintiff returned to work, without restrictions for defendant-employer, Tanner Masonry on August 29, 1994, in the same position and at the same wages he was receiving when the injury occurred on June 14, 1994. Plaintiff quit this job to return to New York. Plaintiff also continued to do the same type work for approximately one and a half years after his move to New York. Because plaintiff returned to work for three to four months in his previous position with defendant-employer at wages equal to those he was receiving before his injury, the presumption of continuing disability was rebutted. Watson,92 N.C. App. at 476, 374 S.E.2d at 485; Watkins, 279 N.C. at 137,181 S.E.2d at 592.
3. Upon a showing by an employer that an employee is capable of returning to work at his pre-injury wages, the burden shifts to the employee to show that he is disabled as defined by the Workers' Compensation Act. Franklin, 123 N.C. App. at 209, 472 S.E.2d at 388.
4. Giving plaintiff the benefit of a presumption that the treatment for back pain after January 1996 was directly related to his injury of June 14, 1994, as directed by the Court of Appeals, the Full Commission finds that defendants have rebutted the presumption by substantial evidence that plaintiff's complaints on and after January 1996 were not related to his injury on June 14, 1994. Plaintiff's current lack of employment or in ability to work, if any, is not causally related to his injury of June 14, 1994. Further, plaintiff has not undergone a substantial change of condition related to his injury by accident. Even assuming arguendo, that plaintiff had experienced a change of condition, this claim was not timely filed as the request for hearing was filed more than two years following date of last compensation on August 29, 1999. N.C.G.S. §§ 97-2(6) and97-47.
5. However, since plaintiff was injured prior to July 5, 1994, plaintiff's claim for additional related medical compensation is not barred by N.C. Gen. Stat. § 97-47 or because defendants rebutted the presumption of disability if the medical treatment is related to the accident. Plaintiff is therefore entitled to reasonably necessary medical treatment related to his compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability. However, since the treatment provided by Dr. Sadrieh and Chiropractor Sportelli was not related to his June 14, 1994 accident, defendants are not obligated to pay for such treatment. N.C.G.S. § 97-25; Hyler v. GTE Products Co., 333 N.C. 258,425 S.E.2d 698 (1993). 6. Since defendants' defense of this claim was reasonable, plaintiff is not entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based on the foregoing stipulations, findings of fact and conclusions of law, the Full Commission adopts in part the holding of the Deputy Commissioner and enters the following
 AWARD
1. Defendants shall only pay for plaintiff's reasonably necessary medical treatment related to his compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability. However, defendants are not required to pay for the treatment by Dr. Sadrieh and Chiropractor Sportelli, as their treatment was not related to the June 14, 1994 accident.
2. Plaintiff's claim for additional weekly compensation and for payment of treatment rendered by Dr. Sadrieh and Chiropractor Sportelli must under the law be, and the same is hereby, DENIED.
3. Defendants shall bear the costs due the Commission.
This the 14th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER